# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SHANEICE RASH,

      **Plaintiff,**

  v.                          Case No. 2:20-cv-5045
                                  JUDGE EDMUND A. SARGUS, JR.

MERCANTILE ADJUSTMENT      Magistrate Judge Chelsey M. Vascura
BUREAU, LLC,

      **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs. (ECF No. 18.) Defendant filed a response in opposition (ECF No. 19) and Plaintiff replied (ECF No. 20). For the following reasons, Plaintiff's Motion is **GRANTED in part and DENIED in part.**

## I.

Plaintiff Shaneice Rash asserts that Defendant Mercantile Adjustment Bureau violated the Fair Debt Collection Practices Act ("FDCPA") by failing to properly report that its trade line on Plaintiff's credit reports was disputed. (*See generally* Compl., ECF No. 1.) Plaintiff alleges that this caused her to suffer a decreased credit score and damaged credit report. (*Id.* ¶ 19.) The parties reported the case settled on September 23, 2021 but noted that they were unable to agree on attorneys' fees. (Order, ECF No. 15; Pl.'s Notice, ECF No. 16.) Plaintiff filed the instant Motion for Attorney Fees on October 8, 2021. (ECF No. 18, "Pl.'s Mot.".) Defendant filed a response in opposition (ECF No. 19, "Def.'s Resp.) and Plaintiff filed a reply (ECF No. 20, "Pl.'s Reply). The motion is ripe for review.

1

## II.

In a successful case against a debt collector under the FDCPA, the defendant's liability includes "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997). "[T]he award is intended to encourage consumers to act as 'private attorneys general' to enforce to FDCPA." *Mann v. Acclaim Fin. Servs.*, 348 F. Supp. 2d 923, 927 (S.D. Ohio 2008) (citing *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996)). The Supreme Court has stated that courts are to use the lodestar amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983); *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 552 (6th Cir. 2008). The party seeking fees bears the burden of proving that they are reasonable. *Reed v. Rhodes,* 179 F.3d 453, 472 (6th Cir. 1999).

A. **Reasonable Hourly Rate**

1. **Attorney Fee Rate**

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring,* 36 F.3d 517, 533 (6th Cir. 1994). In general, "[a] reasonable fee is one that is adequate to attract competent counsel, but which does not produce a windfall to the attorney." *Mann*, 348 F. Supp. 2d. at 927 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). A reasonable rate is the "prevailing rate[] in the relevant community," meaning the "rate which lawyers of comparable skill and experience can reasonably expect to command." *Dowling v. Litton Loan Servicing* LP, 320 F. App'x 442, 447 (6th Cir. 2009) (citing *Blum*, 465 U.S. at 895; *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). An attorney's customary client billing rate can be a reliable indicator of the market rate. *West v. AK Steel Corp. Ret. Accumulation Pension Plan*, 657 F.Supp.2d 914, 932 (S.D. Ohio 2009) (citing *Hadix v.*

*Johnson*, 65 F.3d 532, 526 (6th Cir. 1995)). An out-of-town attorney that voluntarily comes into a foreign market must avail him or herself to the local marked rates. *Adcock-Ladd*, 227 F.3d at 350.

Plaintiff requests $375 per hour for her counsel's work on this case. (Pl.'s Mot. at 6.) Plaintiff's counsel is specialized in this area of law and has practiced for 28 years in Michigan. His hourly rate is $375.00. Plaintiff cites Michigan cases awarding fees of $375.00 per hour but only one case from the Southern District of Ohio. That case awards $300. *See Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 446 (6th Cir. 2009) (affirming a billing rate of $300.00 for an attorney with thirty years of experience in a FDCPA case in the Southern District of Ohio). Defendant argues that the appropriate rate in this community is between $250 and $300. (Def.'s Resp. at 6.) The Court agrees.

Plaintiff's out-of-town counsel must avail himself to the prevailing rates in this community. Attorneys with 30 years of experience in the FDCPA field are awarded $250 to $300 per hour. *See, e.g.*, *Whaley v. Asset Mgmt. Servs. Grp., LLC*, No. 2:16-cv-375, 2016 WL 6134169, at *3 (S.D. Ohio Oct. 21, 2016) (finding that $275 per hour in an FDCPA case is reasonable where the attorney had over 40 years of experience); *Thompson v. Rosenthal*, No. 2:14-cv-37, 2014 WL 7185313, at *5 (S.D. Ohio Dec. 16, 2014) (finding $250 per hour in a FDCPA case is reasonable for an attorney with 30 years of experience). Plaintiff does not cite any cases from this district awarding an attorney of similar experience $375 per hour in attorneys' fees. The Court therefore finds that $300 per hour is a reasonable fee given the prevailing rates in the community and Plaintiff's counsel's experience with FDCPA cases.

**2. Paralegal Fee Rate**

Plaintiff also requests $160 per hour for 29.73 hours of paralegal work. (Pl.'s Mot. at 9.) Defendant challenges the rate arguing that $100 is the prevailing market rate for paralegals in this

locality. Defendant asserts that a paralegal rate of $160 is particularly unwarranted in this case because Plaintiff does not provide the paralegals' credentials and the invoice shows some of the people listed as paralegals perform only secretarial work. (Def.'s Resp. at 7.)

The reasonable rate for paralegals in this district is between $100 and $130 per hour. *See e.g.*, *Leonard v. John Doe Corp.*, No. 2:19-cv-2142, 2020 WL 3642562, at *3 (S.D. Ohio July 6, 2020) (awarding a rate of $130 per hour for paralegals); *Fuller v. Lakeshore Financial LLC*, No. 2:18-cv-1722, 2019 WL 5862811, at *2 (S.D. Ohio Nov. 8, 2019) (awarding a rate of $100 per hour for paralegals and summer associates); *Miller v. Ability Recovery Servs., LLC*, No. 1:18-cv-266, 2019 U.S. Dist. LEXIS 42179, at *13 (S.D. Ohio Mar. 15, 2019) (awarding a rate of $100 per hour for paralegals). Based on the prevailing market rates, the Court finds that $130 is a reasonable fee for Plaintiff's paralegal work.

**B. Hours Reasonably Expended**

When assessing whether hours were reasonably expended, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1989); *see also Libertarian Party of Ohio v. Husted*, No. 2:11-cv-722, 2013 WL 4833033, at *3 (S.D. Ohio Sept. 11, 2013). If a district court finds the number of hours claimed is unreasonably high, "the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award." *Ohio Right to Life Soc., Inc. v. Ohio Elections Comm'n*, 590 F. App'x 597, 603 (6th Cir. 2014).

In this case, Plaintiff asserts that her counsel worked for 7.30 hours and paralegals worked for 29.73 hours on this matter. Plaintiff submitted an invoice timesheet of hours billed in this case. (Pl.'s Mot., Ex. 1, ECF No. 18.) Defendant challenges the hours billed, arguing (1) clerical

4

activities included on the invoice are unbillable, (2) many time entries are too vague, and (3) the number of paralegal hours spent on emails and texting is excessive. (Def.'s Resp. at 8.)

1. **Clerical and Administrative Activities**

Defendant first argues that the administrative and clerical tasks listed on the invoice are not billable. (Def.'s Resp. at 9.) Activities such as organizing the client's file, scanning documents, and creating tasks on the firm's interoffice system are purely clerical or secretarial tasks that are not billable. *See Abernathy v. Corinthian Colleges, Inc.*, No. 2:10-cv-131, 2014 WL 4272723, at *16 (S.D. Ohio Aug. 29, 2014), *report and recommendation adopted*, 2014 WL 4829612 (S.D. Ohio Sept. 29, 2014) ("a 'purely clerical or secretarial' activity is not billable at a paralegal's rate, or at any rate at all, because such tasks are included in office overhead"); *Gibson v. Scott*, No. 2:12-cv-1128, 2014 WL 661716, at *4 (S.D. Ohio Feb. 19, 2014) (designating the following as purely secretarial tasks: organizing file, copying and sending documents to client, etc.). Plaintiff's following entries are clerical:

- 7/21/2020, Joann Narag, File review, 0.33 hours
- 7/22/2020, Julie Lamanna, Email Complaint to Jill, updated note, task, 0.20 hours
- 7/24/2020, Julie Lamanna, Email Complaint to Jill, updated note, task, 0.20 hours
- 7/27/2020, Jillian Reno, file set up, updated note, task, deal, 0.20 hours
- 7/29/2020, Flor Cortes, File Set up, 0.50 hours
- 7/29/2020, Flor Cortes, sent complaint to IP to file, 0.20 hours
- 8/11/2020, Jaime Lopez, File review, checked complaint filing, 0.20 hours
- 8/12/2020, Sarah Pineda, File Set up w9, 0.40 hours
- 8/21/2020, Flor Cortes, Administration, case summary synopsis, 0.20 hours
- 9/22/2020, Jaime Lopez, checked complaint filing, 0.30 hours
- 9/24/2020, Jaime Lopez, checked complaint filing, 0.30 hours
- 10/26/2020, Jaime Lopez, Administration, created task…, 0.30 hours
- 12/23/2020, Jaime Lopez, Administration, created task…, 0.30 hours
- 1/11/2020–1/13/2020, Heather Hartman, Document Review, (six entries of scanning and saving documents to client's file), total of 1.2 hours
- 3/10/2020, Joann Narag, Administration, updated zola task and notes…, 0.17 hours
- 3/12/2020, Joann Narag, Administration, updated zola task and notes…, 0.17 hours

Accordingly, Plaintiff's billable paralegal hours are reduced by the total time above, **5.07 hours**.

5

## 2. Vague Entries

Defendant next argues that many of Plaintiff's time entries are short and too vague to determine what work the paralegals are billing. It is the movant's burden to establish they are entitled to the requested award. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). "'Where the documentation of hours is inadequate, the district court may reduce the award accordingly.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court finds that the following paralegal entries, which are copied below in full, are too vague:

- 7/21/2020, Joann Narag, Document Drafting, 0.50 hours
- 7/21/2020, Joann Narag, Research, 0.42 hours
- 8/12/2020, Sarah Pineda, Email, 0.20 hours
- 9/01/2020, Ivona Gates, Document Drafting, 0.25 hours
- 9/14/2020, Ivona Gates, Administration, 0.25 hours
- 9/28/2020, Ivona Gates, File review, 0.25 hours
- 11/03/2020, Ivona Gates, Administration, 0.50 hours
- 11/09/2020, Ivona Gates, Administration, 0.50 hours
- 12/04/2020, Ivona Gates, Administration, service, 0.50 hours
- 12/18/2020, Ivona Gates, Administration, 0.50 hours
- 12/23/2020, Ivona Gates, Administration, 0.50 hours

These general descriptions are not sufficient for the Court to determine "with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Prods. Inc.*, 515 F.3d 531, 552–53 (6th Cir. 2008) (internal quotation marks and citation omitted). Therefore, the Court subtracts the above entries for an additional reduction of **4.42 hours** in billable paralegal hours.

## 3. Excessive Paralegal Communication

Defendant argues that the paralegal hours billed for email and text communications are excessive and the entries lacked sufficient descriptions. (Def.'s Resp. at 12.) The invoice shows 14.92 hours in 53 separate time entries billed for sending emails or texts.

Plaintiff claims that her counsel spent more hours than usual on this case counseling her because Defendants continued to contact Plaintiff, despite having knowledge of the lawsuit. (Pl.'s Mot. at 3.) Plaintiff also argues that email entries are sufficiently detailed if they identify the sender, recipient, and the subject matter. She cites *Morse v Specialized Loan Services, LLC*, 2:16-cv-689, 2018 WL 1725693, at *3 (S.D. Ohio April 10, 2018). (Pl.'s Reply at 4.) That case, however, does not support Plaintiff's contention and she does not provide further support.

Here, the email descriptions contain only one or a few words, some descriptions are redacted, and several entries appear to be forwarding documents to other paralegals in the firm, which is not a billable activity. Furthermore, at least one email activity is double-billed and all emails are billed for at least 0.20 hours, even for forwarding a single document. Because of these deficiencies, the Court cannot determine whether the 14.92 hours of billing for paralegal emails are proper. In similar cases, the Court has significantly reduced the billable hours. *See Abernathy*, 2014 WL 4272723 at *24 (applying a 75% reduction of all request attorney fees for vague entries, double-billing, excessive time for simple activities, and other deficiencies). Here, the Court reduces the billable paralegal hours by an additional **5 hours**.

4. **Activity After Judgment**

Defendant finally argues that Plaintiff's counsel cannot bill for work completed after Defendant's offer of judgment on May 3, 2021. The offer of judgment limited Plaintiff's recovery of attorney's fees to those incurred prior to the offer. (Def.'s Resp. at 16.) Therefore, the invoice entry on May 10, 2021 for review of local counsel's email regarding a new mediator should be struck. Plaintiff does not object to this argument. The Court therefore reduces the attorney's billable hours by **0.20 hours** for the billed attorney time on May 10, 2021.

To summarize, 5.07 paralegal hours are subtracted for purely clerical activities, 4.42 paralegal hours are subtracted for entries with vague or missing descriptions, and 5 paralegal hours are subtracted for excessive or improper billing for emails. The total remaining billable paralegal time is 15.24 hours. The Court subtracts 0.20 attorney hours for work occurring after the offer of judgment. Thus, to calculate the lodestar the Court multiplies $300 by the 7.10 attorney billable hours and $130 by the 15.24 paralegal billable hours. The sum of those figures is $4,111.20.

### C. Litigation Costs

Plaintiff requests an award of $420 in costs to cover $400 in filing fees and $20 in process server fees. (Pl.'s Mot. at 10.) Defendant does not object. "The FDCPA mandates the award of 'a reasonable attorney's fee' and costs to a prevailing party." *Dowling*, 320 F. App'x at 446; 15 U.S.C. § 1692k(a)(3). Plaintiff is therefore awarded $420.00 in litigation costs and expenses.

### III.

In conclusion, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 18). The Court **ORDERS** Defendant to pay Plaintiff $4,111.20 in attorneys' fees and $420.00 in costs and expenses of for a total amount of **$4,531.20**.

**IT IS SO ORDERED.**

<u>5/24/2022</u>                             <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                                  **EDMUND A. SARGUS, JR.**
                                          **UNITED STATES DISTRICT JUDGE**